UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA PUROL, ET AL.,<br><br>　　　　　　Plaintiffs,<br><br>　　vs.<br><br>MENTOR WORLDWIDE, LLC,<br><br>　　　　　　Defendant. | CASE NO. CV 12-01960 RZ<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION |

"Federal courts are courts of limited jurisdiction. As such, 'our power to adjudicate claims is limited to that granted by Congress.' *Nieto v. Ecker,* 845 F.2d 868, 871 (9th Cir. 1988). Unless a grant of jurisdiction over a particular case affirmatively appears, we are presumed to lack jurisdiction." *National Treasury Employees Union v. Federal Labor Relations Authority*, 112 F.3d 402, 403 (9th Cir. 1997), citing *General Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968-69 (9th Cir. 1981), *cert. denied,* 455 U.S. 948, 102 S. Ct. 1449, 71 L. Ed. 2d 662 (1982).

The Complaint here grounds federal subject matter jurisdiction on diversity of citizenship. Plaintiffs, two individuals, are alleged to be citizens of the State of Michigan. The defendant is identified as Mentor Worldwide, LLC, and is alleged to be "a Delaware limited liability company which has its principal place of business in Santa

Barbara, California." Thus, Plaintiffs have pleaded the citizenship of the defendant as if the defendant was a corporation.

However, the defendant is not a corporation, but a limited liability company, and a limited liability company's citizenship must be pleaded differently. As the Ninth Circuit has held, " . . . like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Thus, Plaintiffs need to allege the citizenship of each of the members of the defendant. Since Plaintiffs have not done so, jurisdiction does not affirmatively appear.

Accordingly, Plaintiffs are ordered to show cause why their Complaint should not be dismissed for lack of subject matter jurisdiction. Plaintiffs shall show such cause in writing not later than March 26, 2012. If, prior to that time, Plaintiffs file an amended complaint curing the jurisdictional defect, the Court will vacate the Order to Show Cause.

IT IS SO ORDERED.

DATED: March 13, 2012

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE