```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION
```

IN RE MENTOR CORP. OBTAPE         *   MDL Docket No. 2004
                                      4:08-MD-2004 (CDL)
TRANSOBTURATOR SLING PRODUCTS     *
                                      Case No.
LIABILITY LITIGATION              *   4:12-cv-102 (S. PUROL)

## O R D E R

Defendant Mentor Worldwide LLC developed a suburethral sling product called ObTape Transobturator Tape, which was used to treat women with stress urinary incontinence. Plaintiff Sandra Purol was implanted with ObTape, and she asserts that she suffered injuries caused by ObTape. Mrs. Purol brought this product liability action against Mentor, contending that ObTape had design and/or manufacturing defects that proximately caused her injuries. Mrs. Purol also asserts that Mentor did not adequately warn her physicians about the risks associated with ObTape. Mrs. Purol's husband Joseph brought a loss of consortium claim. Mentor contends that the Purols' claims are barred by the applicable statute of limitations. For the reasons set forth below, the Court agrees, and Mentor's Motion for Summary Judgment (ECF No. 63 in 4:12-cv-102) is granted.

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A fact is *material* if it is relevant or necessary to the outcome of the suit.  *Id.* at 248.  A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id.*

FACTUAL BACKGROUND

Viewed in the light most favorable to the Purols, the record reveals the following.

The Purols are residents of Michigan, and all of Mrs. Purol's medical treatment related to this action occurred in Michigan.  Mrs. Purol experienced symptoms of stress urinary incontinence and urinary urgency.  She visited Dr. Richard Bates for an evaluation of her symptoms.  Dr. Bates implanted Mrs. Purol with ObTape on November 4, 2004.

After the implant surgery, Mrs. Purol developed dyspareunia (difficult or painful sexual intercourse), vaginal discharge, and spotting.  She went to see Dr. Bates's nurse practitioner, Bonnie Bartz, in May of 2005.  Ms. Bartz conducted a physical exam and observed a vaginal erosion of the ObTape.  Ms. Bartz

2

told Mrs. Purol that there was a hole in her vaginal wall, that Ms. Bartz could feel the ObTape coming through the hole, that Mrs. Purol had an infection, and that the ObTape needed to be removed.  S. Purol Dep. 67:11-68:24, ECF No. 68-19.  Mrs. Purol did not ask Ms. Bartz why she had a hole in her vaginal wall or why she had an infection.  *Id.* at 69:9-18.  Dr. Bates surgically excised all of Mrs. Purol's ObTape on May 18, 2005.  Mrs. Purol did not point to any evidence that she suffered injuries due to ObTape after the sling was removed in 2005.

The Purols filed this action in the United States District Court for the Central District of California on March 8, 2012. *See generally* Compl., ECF No. 1 in 4:12-cv-102.  The action was later transferred to this Court as part of a multidistrict litigation proceeding regarding ObTape.

DISCUSSION

The Court must apply California's choice-of-law rules to determine which state law controls.  *In re Nucorp Energy Sec. Litig.*, 772 F.2d 1486, 1492 (9th Cir. 1985) (noting that MDL transferee court must apply transferor court's choice-of-law rules); *accord Anschutz Corp. v. Merrill Lynch & Co.*, 690 F.3d 98, 112 (2d Cir. 2012) (same).

Under California law, if a cause of action that arose in another state is time-barred in that state, then it is also time-barred in California.  Cal. Civ. Proc. Code § 361 ("When a

3

cause of action has arisen in another State . . . and by the laws thereof an action thereon cannot there be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this State[.]"). Thus, the first question for the Court is where this action arose.  Mentor asserts that the action arose in Michigan, so California's choice-of-law rules require application of Michigan law.  The Purols argue that their cause of action arose in California, so California's statute of limitations applies.  The Purols' argument is based on their assertion that a number of Mentor's employees who made key decisions about the sale of ObTape were based in California.  But the case the Purols cite in support of their argument that their cause of action arose in California concluded that a product liability action for a defective medical device arose where the device was purchased, implanted, and allegedly caused injuries. *Vestal v. Shiley, Inc.*, No. SACV96-1205-GLT(EEX), 1997 WL 910373, at *2 (C.D. Cal. Nov. 17, 1997) (finding that the plaintiff's claims arose in North Carolina, "where she purchased the heart valves, where the valves were implanted, and where the alleged injury occurred"); *accord Cossman v. DaimlerChrysler Corp.*, 133 Cal. Rptr. 2d 376, 381-82 (Cal. Ct. App. 2003) (finding that the plaintiff's personal injury claims arose in Indiana, where she was exposed to asbestos and diagnosed with mesothelioma); *Giest v. Sequoia*

*Ventures, Inc.*, 99 Cal. Rptr. 2d 476, 478 (Cal. Ct. App. 2000) (finding that the plaintiffs' product liability claims arose in Montana, where the decedent was exposed to asbestos). The Court thus finds that the Purols' cause of action arose in Michigan, where Mrs. Purol was implanted with ObTape and suffered injuries. Michigan's statute of limitations thus applies.

Under Michigan law, the statute of limitations for a product liability action is three years. Mich. Comp. Laws Ann. § 600.5805(13). The statute of limitations begins to run "at the time the wrong upon which the claim is based was done regardless of the time when damage results." *Id.* § 600.5827. The "wrong" is done on the date the plaintiff is harmed by the defendant's actions. *Connelly v. Paul Ruddy's Equip. Repair & Serv. Co.*, 200 N.W.2d 70, 72-73 (Mich. 1972). It is undisputed that Mrs. Purol experienced complications with her ObTape in 2005 and had the sling removed. During that same timeframe, she experienced painful sexual intercourse that led to a decline in her intimate relationship with Mr. Purol.

The Purols argue that their claims should be tolled because Mentor fraudulently concealed ObTape's design defects. Michigan does not have a general discovery rule that tolls the statute of limitations in product liability cases. *Bearup v. Gen. Motors Corp.*, Docket Nos. 272654, 272666, 2009 WL 249456, at *5-*6 (Mich. Ct. App. Feb. 3, 2009) (per curiam) (citing *Trentadue v.*

*Buckler Lawn Sprinkler*, 738 N.W.2d 664, 684 (Mich. 2007)). But if a defendant "fraudulently conceals the existence of the claim," then the statute of limitations is tolled until the person "discovers, or should have discovered, the existence of the claim." Mich. Comp. Laws Ann. § 600.5855. Thus, the Court must determine whether the Purols pointed to evidence that Mentor fraudulently concealed their claim.

Under Michigan law, fraudulent concealment of a claim "means concealment of the fact that the plaintiff has a cause of action." *Tonegatto v. Budak*, 316 N.W.2d 262, 266 (Mich. Ct. App. 1982) (per curiam) (finding that fraudulent concealment statute did not toll medical malpractice claims because hospital's failure to inform the plaintiff of the risks of her operation did "not constitute fraudulent concealment of her malpractice claim"). The fraudulent concealment statute only applies when a defendant takes an affirmative act to hinder a plaintiff's investigation into the cause of her problem with a product. *Ciborowski v. Pella Window & Door Co.*, No. 257091, 2005 WL 3478159, at *3-*4 (Mich. Ct. App. Dec. 20, 2005) (per curiam) (finding no fraudulent concealment where manufacturer told the plaintiffs that their window leaks were caused by faulty installation, not a defect in the product, and did not tell the plaintiffs that the window model had been designed to remedy a defect).

6

Here, the Purols argue that because Mentor sold ObTape to Mrs. Purol's doctor and continued selling it until 2006 without disclosing certain complication rates that Mentor had allegedly discovered, the statute of limitations should be tolled due to fraudulent concealment.  The Purols also contend that they could not reasonably discover the existence of their claims until 2012, when Mrs. Purol decided to read her medical records after seeing a television commercial related to vaginal mesh injuries.  S. Purol Dep. 100:5-9.  But the Purols knew in 2005—when Mrs. Purol experienced complications that required the removal of her ObTape—that ObTape may have caused their injuries.  At that time, a person of common knowledge and experience in the Purols' position would have been on notice that their injuries may be related to ObTape, and they would have been able to begin an investigation to determine whether those injuries were caused by a problem with ObTape, a problem with the implantation surgery, or another problem.  In fact, Mrs. Purol testified that "it came to" her when she read her medical records—which presumably would have been available to her in 2005 had she asked—that ObTape caused her injuries.  *Id.*  In sum, the Purols did not point to any evidence that Mentor took affirmative acts to prevent them from knowing of a potential connection between ObTape and their injuries, so Mich. Comp. Laws Ann. § 600.5855 does not apply to toll the statute of limitations.

7

For these reasons, the Court finds that no genuine fact dispute exists on when the Purols' claims accrued.  Their claims accrued by May of 2005.  They did not file their action within three years after their claims arose.  Therefore, the Purols' claims are barred by Mich. Comp. Laws Ann. § 600.5805(13), and Mentor is entitled to summary judgment on their claims.

IT IS SO ORDERED, this 4th day of August, 2015.

S/Clay D. Land  
CLAY D. LAND  
CHIEF U.S. DISTRICT COURT JUDGE  
MIDDLE DISTRICT OF GEORGIA